**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIM LEE, et al.,                    )<br>                                              )<br>            Plaintiffs,            )<br>                                              )<br>v.                                           )            Case No. CIV-08-1221-M<br>                                              )<br>ENTERPRISE FINANCIAL GROUP, et al.,  )<br>                                              )<br>            Defendants.          ) | |

## ORDER

Before the Court is "Defendant Monumental General Administrators, Inc.'s Motion to Dismiss Plaintiffs' Class Action Petition and Supporting Memorandum of Law" [docket no. 34], filed December 31, 2008. On February 2, 2009, plaintiffs filed their response, and on March 6, 2009, defendant Monumental General Administrators, Inc. ("Monumental") filed its reply.

Also before the Court is "Defendant Southwest Business Corporation's Motion to Dismiss Plaintiffs' Class Action Petition and Brief in Support" [docket no. 33], filed December 31, 2008. On February 2, 2009, plaintiffs filed their response, and on March 6, 2009, defendant Southwest Business Corporation ("Southwest") filed its reply.

Furthermore, before the Court is "Defendant Enterprise Financial Group's Partial Motion to Dismiss Plaintiff's Complaint and Supporting Brief" [docket no. 37], filed January 5, 2009. On February 9, 2009, plaintiffs filed their response, and on March 6, 2009, defendant Enterprise Financial Group ("EFG") filed its reply.

Based upon the parties' submissions, the Court makes its determination.

I.    Background

On or about September 2, 2005, plaintiff Jim Lee, together with his wife plaintiff Lisa Lee, purchased a Dodge Ram 3500 from defendant Fowler Dodge in Oklahoma City, Oklahoma. In

connection with their purchase, plaintiffs purchased a "Balance Deficiency GAP Waiver Addendum" ("GAP agreement") for the lump sum of $500. In the event of a total loss of the vehicle, the GAP agreement provides that any outstanding loan balance on the vehicle would be paid.

Plaintiffs suffered a total loss to their covered vehicle and filed a claim pursuant to the GAP agreement, and their claim was denied. On November 3, 2008, plaintiffs commenced this action asserting claims for unjust enrichment, breach of contract, fraud in the inducement, deceit, bad faith and violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 751, *et seq*. Defendants Monumental and Southwest now move to dismiss all claims, and defendant EFG seeks dismissal of all but plaintiffs' unjust enrichment claim.

II.     Standard for Dismissal

Upon reviewing a motion to dismiss, "a [Class Action Petition] should not be dismissed for failure to state a claim unless it appears...[a party] can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). The relevant inquiry is whether the Class Action Petition contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiffs' claims is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in the Class Action Petition and view them in a light most favorable to plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).

III.   Discussion

    A.   Defendant Monumental's Motion to Dismiss

        1.   Unjust Enrichment

It is axiomatic that a claim for unjust enrichment will lie only where "it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." *Lapkin v. Garland Bloodworth, Inc.*, 23 P.3d 958, 961 (Okla. Civ. App. 1996) (internal quotation omitted).

    The Class Action Petition, in pertinent part, sets forth the following:

> In addition to providing illusory coverage, Defendant EFG, its agents, employees, and/or servants, including Defendants Southwest, Monumental, Fowler Dodge, and John Doe Corporations 1 - 20 knowingly and intentionally retain the policy premiums after a legitimate claim is denied.

Class Action Petition at ¶ 27.

Defendant Monumental asserts that plaintiffs' claim for unjust enrichment should be dismissed because plaintiffs fail to allege that defendant Monumental, as a third party administrator, ever personally collected any fees or premiums pursuant to the GAP agreement, or otherwise received a direct financial benefit at plaintiffs' expense. Rather, defendant Monumental contends that plaintiffs, in conclusory fashion, submit that all defendants "retain the policy premiums after a legitimate claim is denied." Class Action Petition at ¶ 27. For their part, plaintiffs allege that defendant Monumental first *collected and received* GAP agreement fees or premiums, and then *retained* the fees or premiums at issue, thereby justifying the unjust enrichment claim. Plaintiffs therefore, assert defendant Monumental was provided with fair notice of the unjust enrichment

3

claim and the grounds upon which it rests.

Having reviewed the parties' submissions, the Court finds that plaintiffs' unjust enrichment claim is unsupported by any allegation that defendant Monumental personally collected plaintiffs' fees or premiums from the GAP agreement or otherwise benefitted financially at plaintiffs' expense. While plaintiffs assert in conclusory fashion that all defendants "knowingly and intentionally retain the policy premiums after a legitimate claim is denied" and this assertion may permit an inference that defendant Monumental collected plaintiffs' GAP agreement fees or premiums, the Court finds that plaintiffs did not sufficiently plead facts which could support such an inference. Specifically, plaintiffs do not allege that defendant Monumental was involved at the point of sale of the GAP agreement, nor do plaintiffs allege that defendant Monumental was ever paid a part of the GAP agreement fee or premium, or allege facts which explain how all defendants could have wrongfully retained the monies involved.

Accordingly, the Court grants the motion to dismiss as to plaintiffs' unjust enrichment claim.

### 2.     Breach of Contract

In a claim for breach of contract, it is well settled that "contracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract, or those in privity with it...." *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982). Further, in Oklahoma, contracts of insurance may generate certain requirements as to third party administrators. *See* Okla. Stat. tit. 36, § 1449 (observing that if the services of an administrator are utilized, the administrator shall provide written notice and certain information to insured individuals). However, an insured must present the proper authority indicating that a violation by a third party administrator is relevant to the cause of action. *Banki v. Provident Indem. Life Ins. Co.*, 95 Fed. Appx. 268, 272 (10th Cir. 2004).

Defendant Monumental asserts that plaintiffs' breach of contract claim fails for lack of privity. Absent an allegation that it was a party to the GAP agreement, defendant Monumental contends it cannot be held liable for any alleged breach of contract. Plaintiffs argue, however, that a clear allegation was made asserting that defendant Monumental was a party to the GAP agreement as follows:

> Plaintiffs and each member of the Class and Sub-classes entered into an express agreement for the purchase of EFG GAP Insurance, thereby creating a contractual relationship with Defendants EFG, Southwest, Monumental, Fowler Dodge, and/or John Doe Corporations 1 - 20.

Class Action Petition at ¶ 32. Furthermore, plaintiffs assert that the GAP agreement purchase creates an insurer-insured relationship between themselves and defendant Monumental.

Viewing the Class Action Petition in the light most favorable to plaintiffs, the Court finds that plaintiffs have sufficiently pled that defendant Monumental is a party to the GAP agreement, and the GAP agreement constitutes a contract of insurance. The Court's determination that defendant Monumental may be liable for breach of contract, however, is tightly circumscribed to contracts of insurance.

Accordingly, the Court denies the motion to dismiss plaintiffs' breach of contract claim.

### 3.  Bad Faith

Defendant Monumental next asserts that plaintiffs fail to state a claim for bad faith because: (1) plaintiffs do not allege that defendant Monumental was effectively acting like an insurer and (2) plaintiffs allege no breach occurred of the GAP agreement. Having found above that plaintiffs sufficiently pled a breach of insurance contract claim, the Court finds that plaintiffs have clearly stated a bad faith claim.

Accordingly, the Court denies the motion to dismiss as to the bad faith claim.

### 4. Fraud, Deceit and Violation of the Oklahoma Consumer Protection Act

Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasoning, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal citations and quotations omitted). "Similarly, where fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient. Instead, the specifics of the alleged fraudulent activity of each defendant must be set forth." *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1094 (N.D. Okla. 2003) (internal citation and quotation omitted).

Plaintiffs assert claims of fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act against defendant Monumental. Defendant Monumental asserts that plaintiffs failed to plead their fraud-related claims with particularity because they: (1) fail to allege any facts establishing defendant Monumental's role in the alleged fraud and (2) impermissibly lump all defendants together when making their allegations.

In paragraph 36 of the Class Action Petition, plaintiffs allege:

> Defendant EFG by and through its employees, servants, and agents, including Defendants Southwest, Monumental, Fowler Dodge, and/or John Doe Corporations 1 - 20 misrepresented the nature and scope of EFG GAP insurance coverage to the Plaintiffs and members of the Class and Sub-classes, to wit, that the following vehicles satisfy the underwritten terms of the policy: (a) vehicles with a gross vehicular weight of more than ten-thousand (10,000) pounds; (b) vehicles that are used for commercial purposes; and (c) vehicles that are not primarily garaged.

Petition at ¶ 36. Plaintiffs assert that this averment specifically identifies the actual content of the misrepresentation. Plaintiffs further contend that it is unnecessary to plead each element of fraud if the circumstances constituting fraud are stated with particularity. Plaintiffs also argue that in actions involving multiple defendants, fraud may be reasonably inferred as to each defendant.

Having reviewed the parties' submissions, the Court finds that plaintiffs failed to sufficiently plead the fraud-related claims. Specifically, the Court finds that plaintiffs impermissibly lumped all defendants together, rather than setting forth the identity of the party making the fraudulent statements, as well as the time, place and contents of the alleged fraudulent statements.

Accordingly, the Court grants the motion to dismiss as to fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act.

### 5.     Oklahoma Consumer Protection Act

Defendant Monumental also asserts that the Oklahoma Consumer Protection Act claim fails because this act does not apply to insurance claims. Plaintiffs concede that the Oklahoma Consumer Protection Act is inapplicable to insurance claims but asserts that this claim was simply set forth as an alternative basis for recovery. Having reviewed the parties' submissions, the Court finds that plaintiffs have sufficiently pled the Oklahoma Consumer Protection Act claim in the alternative. Specifically, the Court finds that the viability of the claim for the violation of the Oklahoma Consumer Protection Act will depend on the proof elicited during the discovery phase of this action.[1]

---

[1] While the Court recognizes the claim regarding the Oklahoma Consumer Protection Act as an alternative theory of recovery, as set forth above, this claim should be dismissed based upon plaintiffs' failure to sufficiently plead the fraud particularity requirements of Federal Rule of Civil Procedure 9(b).

### B. Defendant Southwest's Motion to Dismiss

Defendant Southwest adopts and incorporates by reference all arguments and authorities contained in defendant Monumental's motion to dismiss. In the Class Action Petition, plaintiffs make identical allegations against both defendants Monumental and Southwest. Having reviewed the parties' submissions, and for the reasons stated above, the Court grants the motion to dismiss as to the unjust enrichment claim, denies the motion to dismiss as to the breach of contract claim, denies the motion to dismiss as to the bad faith claim, grants the motion to dismiss as to the claims of fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act.

### C. Defendant EFG's Motion to Dismiss

Defendant EFG also adopts and incorporates by reference all arguments and authorities contained in defendant Monumental's motion to dismiss. Furthermore, the factual and legal allegations in the Class Action Petition are the exact same allegations as against defendants Monumental and EFG. As distinguished from defendants Monumental and Southwest's submissions, Defendant EFG seeks dismissal of all but plaintiffs' unjust enrichment claim.

Having reviewed the parties' submissions, and for the reasons stated above, the Court denies the motion to dismiss as to the breach of contract claim, denies the motion to dismiss as to the bad faith claim, grants the motion to dismiss as to the claims of fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act.

### D. Leave to Amend

Plaintiffs assert that they should be allowed leave to amend their Class Action Petition if the Court finds their allegations insufficient. "In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that plaintiff can correct the

defect." *Triplett v. LeFlore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) (internal citations and quotations omitted). The Court, having reviewed the parties' submissions, finds it may be possible for plaintiffs to correct the defects in their Class Action Petition.

Accordingly, the Court GRANTS plaintiffs leave to amend their Class Action Petition as to the unjust enrichment fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act claims. Plaintiffs shall file their Amended Class Action Petition within 15 days of the date of this order.

IV.   Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART the motions to dismiss as follows:

(1) The Court GRANTS IN PART and DENIES IN PART the motion to dismiss of Defendant Monumental as follows:

   (a) The Court GRANTS plaintiffs' claims as to unjust enrichment, fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act;

   (b) The Court DENIES plaintiffs claims as to breach of contract and bad faith;

(2) The Court GRANTS IN PART and DENIES IN PART the motion to dismiss of Defendant Southwest as follows:

   (a) The Court GRANTS plaintiffs' claims as to unjust enrichment, fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act;

   (b) The Court DENIES plaintiffs claims as to breach of contract and bad faith;

(3) The Court GRANTS IN PART and DENIES IN PART the motion to dismiss of Defendant EFG as follows:

   (a) The Court GRANTS plaintiffs' claims as to fraud in the inducement, deceit and violation of the Oklahoma Consumer Protection Act;

   (b) The Court DENIES plaintiffs claims as to breach of contract and bad faith;

(4)  The Court GRANTS plaintiffs leave to amend their Class Action Petition within 15 days of the date of this order.

**IT IS SO ORDERED this 14th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE